UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Columbus Rehabilitation
& Subacute Institute,** *et al.*,

      **Plaintiffs,**

-v-                                             Case No.: 2:08-cv-103
                                                    Judge Smith
                                                     Magistrate Judge King

**Franklin County Department of
Job and Family Services,** *et al.*,

      **Defendants.**

**OPINION AND ORDER**

Plaintiffs Karen Brown and Columbus Rehabilitation & Subacute Institute ("Columbus Rehab") initiated this action against Defendants Ohio Department of Job and Family Services ("ODJFS"), Helen Jones-Kelley, in her official capacity as director of ODJFS, Franklin County Department of Job and Family Services, and Douglas E. Lumpkin for violation of the Medicaid Act. This matter is before the Court on Defendants' Motions to Dismiss[1] (Docs. 9 and 14). Plaintiffs have filed a Memorandums in Opposition and this matter is now ripe for review. For the reasons that follow, the Court **GRANTS** Defendants' Motions.

**I. BACKGROUND**

---

[1] Defendants Ohio Department of Job and Family Services and Helen Jones-Kelley initially moved to dismiss Plaintiffs' Complaint (Doc. 9). Defendants Franklin County Job and Family Services and Douglas E. Lumpkin later moved to dismiss Plaintiff's Complaint by adopting the arguments of Defendants Ohio Department of Job and Family Services and Helen Jones-Kelley in toto (Doc. 14).

Plaintiff Karen Brown is a fifty-five year old resident of Plaintiff Columbus Rehab. Mrs. Brown requires around-the-clock care at Columbus Rehab due to a massive stroke she suffered seven years ago. The stoke left Mrs. Brown with the mind of a four year old child, an inability to walk, very little ability to speak, and an inability to perform any hygiene other than wipe off her mouth.

On November 28, 2005, Mrs. Brown's daughter, Amanda Sanders, filed a Medicaid application for Mrs. Brown with the Franklin County Department of Job and Family Services. Ms. Sanders is neither Mrs. Brown's agent pursuant to a power of attorney or Mrs. Brown's court appointed guardian. At the time of the application, Mrs. Brown had no income or assets. Mrs. Brown's financial situation remains the same to date. The next day, November 29, 2005, Mrs. Brown became a resident at Columbus Rehab.

On January 1, 2006, the Franklin County Department of Job and Family Services asked Mrs. Brown to provide bank statements so that they could determine whether Mrs. Brown's resources exceeded Medicaid eligibility limits. Mrs. Brown claims she was unable to provide this statement because the bank had closed. On May 18, 2006, Mrs. Brown's Medicaid application was denied for failure to provide the requested information. When the denial notice was issued, Mrs. Brown claims that she was without an advocate to assert her rights. Mrs. Brown's husband was incarcerated and her daughter had fallen ill. Neither her husband nor her daughter had power of attorney to serve as Mrs. Brown's agent. As a result, the denial notice was essentially delivered to an incompetent applicant with no avenue to enforce her constitutional rights with respect to the denial. Mrs. Brown, therefore, did not timely request an administrative hearing to challenge the denial of her Medicaid application.

After the denial of Mrs. Brown's Medicaid application, Mrs. Brown continued to reside at Columbus Rehab and accumulated over $78,000.00 in care expenses. Columbus Rehab was forced to institute involuntary discharge proceedings against Mrs. Brown in accordance with Ohio Revised Code section 3721.16 for failure to pay after being provided appropriate notices.

On February 21, 2007, Attorney Michael Juhola was appointed Guardian of the person and estate of Mrs. Brown. Guardianship of the estate was terminated less than one month later as Mrs. Brown has no assets or income. Through Attorney Juhola, Mrs. Brown re-applied for Medicaid on February 27, 2007 and avoided involuntary discharge from Columbus Rehab. On April 3, 2007, Mrs. Brown's second Medicaid application was approved with the effective date of November 1, 2006. Plaintiff states that no facts or circumstances had changed since the first application of November 28, 2005. Further, a bank statement of the closed bank was never provided with the second application, yet verbal testimony was accepted as proof the bank was closed down.

On June 29, 2007, Mrs. Brown, through her attorney, requested an administrative hearing pursuant to Ohio Revised Code section 5101.35(B) with the ODJFS Hearing Bureau to challenge the effective date of her Medicaid eligibility. A state hearing was held on August 2, 2007, and Mrs. Brown introduced testimony and documents. At the state hearing, Mrs. Brown claims that her second Medicaid application should have allowed her to be eligible for Medicaid as of November 1, 2005 – sixteen months before her second Medicaid application was filed.

The State Hearing Decision concluded that Mrs. Brown could not be eligible for Medicaid before November 1, 2006, because applicable law prohibited an individual being declared eligible for Medicaid more than three calendar months before the month in which the

person applied. (See State Hearing Decision at 2, citing O.A.C. § 5101:1-38-01.3(A). Mrs. Brown then requested an administrative appeal of the State Hearing Decision asserting that ODJFS refused to declare her eligible for Medicaid as of November 2005. A panel of three Administrative Appeal Officers reviewed and upheld the State Hearing Decision. On October 4, 2007, Mrs. Brown appealed that administrative appeal decision to the Franklin County Court of Common Pleas pursuant to Ohio Revised Code sections 119.12 and 5101.35. In her brief, Mrs. Brown argued that ODJFS violated 42 U.S.C. §1396a(a)(8), 42 C.F.R. §435.911, and Ohio Administrative Code section 5101:1-38-01. The Franklin County Court of Common Pleas rejected these arguments and upheld the administrative appeal decision. Mrs. Brown then appealed that decision on March 25, 2008. That case is currently pending in the Tenth District Court of Appeals.

On February 4, 2008, Mrs. Brown and Columbus Rehab initiated this case, therefore having two actions pending at the same time. Plaintiffs assert in this case essentially one claim phrased in a variety of ways, that ODJFS and Director Jones-Kelley did not process Mrs. Brown's Medicaid application within 45 days, which Plaintiffs assert is required by 42 U.S.C. §1396a(a)(8), 42 C.F.R. §435.911, and Ohio Administrative Code section 5101:1-38-01. Plaintiffs seek enforcement of these claims under 42 U.S.C. § 1983. Plaintiffs specifically seek the following relief:

1. An injunction ordering ODJFS and Director Jones-Kelley to comply with 42 U.S.C. §1396a(a)(8), 42 C.F.R. §435.911, and Ohio Administrative Code section 5101:1-38-01.

2. An injunction ordering ODJFS and Director Jones-Kelley to comply with unspecified "state and federal law."

3. A declaration that Mrs. Brown was "otherwise eligible" for Medicaid when she filed her first Medicaid application on November 28, 2005.

4. Money damages equaling the expenses that Columbus Rehab incurred furnishing services to Mrs. Brown as a result of Defendants' alleged failure to comply with 42 U.S.C. §1396a(a)(8), 42 C.F.R. §435.911, and Ohio Administrative Code section 5101:1-38-01.

5. Attorneys fees, costs, and other injunctive relief to which Plaintiffs may be entitled.

## II. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods.*, 705 F.2d at 155. The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12 (b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 296 (2d ed. 1990). The moving party is entitled to relief only when the complaint fails to meet

5

this liberal standard. *Id.*

Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)[2]. A plaintiff's obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. *See LULAC v. Bredesen*, 2007 U.S. App. LEXIS 20556 at *3-4 (6th Cir. 2007) (*citing Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-65). The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *Id.*

### III. DISCUSSION

---

[2] In *Bell Atlantic Corp.*, the United States Supreme Court rejected the language previously used by the Court in *Conley v. Gibson*, providing that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). *See Bell Atlantic Corp.*, 127 S.Ct. at 1969 (holding that the *Conley* "no set of facts" language "has earned its retirement" and "is best forgotten.").

Defendants move to dismiss³ Plaintiff's Complaint asserting that the Court should abstain from deciding this case pursuant to the *Younger* abstention doctrine because Mrs. Brown is already litigating the same issues in an ongoing state court proceeding and further that Plaintiffs' claims are barred by *res judicata*. Defendants also asserts other alternative arguments in support of their motion to dismiss, but the Court finds the aforementioned to be dispositive and therefore does not need to address the remaining arguments.

**A.**     ***Younger* Abstention**

Defendants argue that Younger abstention is appropriate in this case because Plaintiff Mrs. Brown is litigating the same issue in the state court proceeding. Under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), when state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987). Three requirements must be met for *Younger* abstention to be appropriate: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State*

---

³ The parties refer to the administrative and state court proceedings in their briefs. A federal court may take judicial notice of the proceedings in other courts of record. *See Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980). Therefore, the parties have not referred to matters outside of the pleadings and Defendants' Motion will remain a Motion to Dismiss rather than converting it to a motion for summary judgment. *See Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (holding that because the movants' attachment to their motion to dismiss did not rebut, challenge, or contradict anything in the plaintiffs' complaint, it did not convert the motion to dismiss into a motion for summary judgment); and *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (holding that documents whose contents are alleged in a complaint and whose authenticity is uncontested, but that are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss).

*Bar Ass'n*, 457 U.S. 423, 432 (1982); *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir 2001); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995). When Plaintiffs filed their Complaint in this Court, all three of the above requirements were met: Mrs. Brown's appeal of the state proceeding was pending in the Franklin County Court of Common Pleas and is currently pending in the Tenth District Court of Appeals; the state proceeding implicates important state interests; and Mrs. Brown had an adequate opportunity to raise any constitutional issues during the state proceedings.

### 1. *Ongoing state judicial proceeding*

Plaintiffs' Complaint in this case arises from the challenge of the effective date of Mrs. Brown's Medicaid coverage which is also the same issue that has been and is currently being litigated in state court. In fact, the same claims have been raised in both complaints: violations of 42 U.S.C. §1396a(a)(8); 42 C.F.R. §435.911 and Ohio Administrative Code section 5101:1-38-01. There is no question that the state-court proceeding is "judicial in nature" as it was pending before the Franklin County Court of Common Pleas when the Complaint was filed and is currently pending before the Tenth District Court of Appeals.

### 2. *Implicate important state interests*

The state court proceeding implicates important state interests because it deals with how the State of Ohio administers the Medicaid program. Medicaid expenditures in the aggregate represent a significant portion of the State's budget. If the State of Ohio is found not to have operated the Medicaid program in accordance with applicable law, that could jeopardize Medicaid funding and subject the state to audit and recovery and/or other adverse actions by the federal government. See 42 U.S.C. §1396c; 42 C.F.R. §430.35. Therefore, the State of Ohio has

a significant interest in decisions regarding the Medicaid eligibility determination process.

   *3.     Adequate opportunity to raise any constitutional issues*

Plaintiff could have raised any constitutional claims she had during the ongoing state court proceedings. Specifically, she could have raised those issues on appeal to the common pleas court, provided they were appropriately preserved for appeal and not waived. See O.R.C. § 119.12 and § 5101.35; and O.A.C. § 5101:6-9-01.

Plaintiffs, however, argue that the § 119 appeal Mrs. Brown is pursuing does not provide an opportunity for her to address the constitutional issues or violation of federal law presented in this matter so as to warrant abstention or *res judicata*. Plaintiffs assert that Mrs. Brown's attorney in the state proceedings, Michael Juhola, raised constitutional and administrative issues concerning the November 28, 2005 application with the administrative appeal officers, but the constitutional issues were summarily dismissed. The appeal officers wrote: "our authority extends only to the question of whether a hearing decision relies on an incorrect application of law or rule. Thus we lack authority to declare a rule unconstitutional, especially one dictated by federal Medicaid law." *See* Ohio Department of Job and Family Services Administrative Appeal Decision. Plaintiffs do not, however, discuss whether the same claims were asserted at the common pleas level and dismissed.

The Court finds that the ability to raise constitutional issues exists in the appeal of an administrative proceeding, therefore there was sufficient opportunity to raise constitutional challenges for purposes of *Younger* abstention. *See Ohio Civil Rights Comm. v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986); *see also Wells v. Ohio Dept. of Job and Family Servs.*, 2006 Ohio App. LEXIS 4383 (5th Dist. 2006); *Derakhshan v. State Medical Bd.*, 2007

9

Ohio App. LEXIS 5099 (10th Dist. 2007); *Bd. of Education v. Kinney*, 24 Ohio St.3d 184 (Ohio 1986).

The Court finds that the three prongs of the *Younger* abstention doctrine are met and therefore refrains from exercising jurisdiction over this case.

**B.**     ***Res Judicata***

As an alternative, Defendants argue that Plaintiffs' claims in this case and those in the pending state proceeding all involve Mrs. Brown's Medicaid application and challenge regarding the effective date. Defendants therefore argue that this action is barred by the doctrine of *res judicata*.

The doctrine of *res judicata* actually encompasses two distinct concepts. Under the principle of claim preclusion, or "true" *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Issue preclusion, or collateral estoppel, mandates that "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Heyliger v. State Univ. & Community College Sys.*, 126 F.3d 849, 852 (6th Cir. 1997). Under Ohio law, issue preclusion "prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit." *Thompson v. Wing*, 70 Ohio St. 3d 176, 183 (1994).[4] The obvious purpose of the doctrine of *res*

---

[4] Issue preclusion applies when the fact or issue "(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, (3) when the party against whom [issue preclusion] is asserted was a party [or] in privity with a

10

*judicata* is to conserve judicial resources and to protect parties from the cost of litigating and relitigating the same matters in various forums. *See Allen v. McCurry*, 449 U.S. 90 (1980).

The Sixth Circuit employs a four-part test in determining whether *res judicata* bars claims raised in subsequent litigation. Specifically, *res judicata* applies where there exists: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). Applying this test, the Court finds that all of the issues raised in this case, could have been litigated in the state action. Plaintiffs, here, have attempted to couch their claims in terms of a new constitutional violation, but all the facts that form the basis of such claim stem from the same arguments presented at the administrative and state court levels.

Plaintiffs again argue that they were precluded from raising the issues now raised before this Court at the state level. As discussed above with respect to *Younger* abstention, Plaintiffs could have asserted the same claims they bring now during the administrative appeals process.

In *Keberle v. Tyler*, 865 F.2d 1268 (6th Cir. 1988), Plaintiffs argued that their § 1983 claim should not be precluded by their earlier administrative and state court actions. The Sixth Circuit held that "subsequent § 1983 claims are precluded by prior state court litigation of the same cause of action. In support of their conclusion, the Sixth Circuit referenced some prior cases in which the same conclusion was reached. See *Campbell v. City of Allen Park*, 829 F.2d

---

party to the prior action." *Becherer v. Merrill Lynch*, 193 F.3d 415, 422 (6th Cir. 1999) (*quoting Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

11

576 (6th Cir. 1987) (holding that the subsequent § 1983 action of Debra and Dale Campbell was precluded by an earlier state court judgment in the Campbell's favor); *see also Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987) and *University of Tennessee v. Elliott*, 478 U.S. 788 (1986) (the Supreme Court held that federal courts in § 1983 actions must give preclusive effect to the findings of state administrative agencies acting in a judicial capacity if those findings would be entitled to preclusive effect in the courts of that state.).

In *Lustgarten v. Ayres*, 698 F.2d 1221 (6th Cir. Ohio 1982), the Sixth Circuit noted it has applied the doctrines of *res judicata* and collateral estoppel to bar 42 U.S.C. § 1983 actions, based on a final judgment of the Supreme Court of Ohio. *See Coogan v. Cincinnati Bar Ass'n.*, 431 F.2d 1209, 1211 (6th Cir. 1970); *see also Tonti v. Petropoulous*, 656 F.2d 212, 216 (6th Cir. 1981). In *Lustgarten*, the Sixth Circuit held that the plaintiff's procedural due process claim was fully litigated during her administrative appeal process in the Ohio courts, and therefore collateral estoppel barred relitigation of appellant's procedural due process claim. The Court in *Lustgarten* noted that plaintiff "could have raised her claims of sex and religious discrimination in the Ohio Common Pleas Court during her administrative appeal of the hospital board's adverse decision. Ohio Rev. Code § 2506.04." *Id.* The Sixth Circuit further stated that "she also could have introduced new evidence in the Common Pleas court, evidence not adduced at her administrative hearing before the hospital board, and cross-examined witnesses who testified against her at the board hearing, all to prove the discrimination claims which she seeks to raise for the first time in federal court. *See* Ohio Rev. Code §§ 2506.03(E), 2506.04." *Id.* Having found that plaintiff Lustgarten could have litigated her civil rights claims in her state administrate appeal, those claims were barred by *res judicata*.

Though Mrs. Brown's appeal in the Ohio Court of Appeals is still pending, that does not mean that *res judicata* is not applicable in this case. *See Leslie v. Johnson*, 2006 U.S. Dist. LEXIS 24064, 36-37 (S.D. Ohio Mar. 14, 2006), *citing Wilkins v. Jakeway*, 993 F.Supp. 635, 645-46 (S.D. Ohio 1998). In *Wilkins*, the Court held that a decision by another branch of the Court was preclusive as to a second action before the Court, even though the appeal of the first action had not been resolved. *Id.* Relying on that decision, this Court in *Leslie*, found that the decision by the administrative judge, which was ultimately affirmed by the State Personnel Board of Review is sufficiently firm to be accorded conclusive effect. Thus, Plaintiff's claims in that case were barred by *res judicata*. Similarly, the administrative decisions and the decision by the Franklin County Court of Common Pleas are sufficient to apply *res judicata* to the Plaintiffs' claims in this case.

Accordingly, we hold that Plaintiffs' § 1983 claims in this case are precluded by Mrs. Brown's previous administrative proceedings and subsequent appeals from those administrative proceedings. Based on the aforementioned, the Court need not address the remaining arguments of the parties.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss.

The clerk shall remove Documents 9 and 14 from the Court's pending motions list.

The clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

                                        */s/ George C. Smith*
                                        **GEORGE C. SMITH, JUDGE**
                                        **UNITED STATES DISTRICT COURT**